# EXHIBIT B





RECEIVED
JUL 0 9 2018

```
$7.41                US POSTAGE
JUL 5 2018    Mailed from ZIP 18512
2 oz First-Class Mail Flats Rate
                     071V00562110
endicia.com
```

USPS FIRST-CLASS    R010

SABATINI FREEMAN, LLC
216 N BLAKELY ST
SCRANTON, PA 18512-1904

SHIP  Synchrony Bank
TO:   170 W Election Rd Ste 125
      Draper, UT 84020-6425



USPS CERTIFIED MAIL

9414 7102 0079 3797 2329 35

# SABATINI FREEMAN, LLC

**CARLO SABATINI**\*  
**KRISTIN SABATINI**  
**BRETT FREEMAN**

216 N. Blakely St.  
Dunmore, PA 18512  
Phone: (570) 341-9000  
Fax: (570) 504-2769  
<u>Satellite Office</u>: Wilkes-Barre 823-9000

July 5, 2018

Synchrony Bank  
170 West Election Road, Suite 125  
Draper, UT 84020

Allied Interstate, LLC  
200 Central Avenue, 7th Floor  
St. Petersburg, FL 33701

Global Receivables Solutions, Inc.  
7171 Mercy Road, Suite 250  
Omaha, NE 68106

Via Certified Mail Return Receipt Requested

RECEIVED  
JUL 0 9 2018

RE: Anthony Deriso v. Synchrony Bank, *et al*  
Lackawanna County Court of Common Pleas  
Docket: 18-cv-3708

Dear Sir or Madam,

Enclosed please find the Complaint in the above-referenced matter. Thank you for your anticipated cooperation.

Sincerely yours,

Brett M. Freeman

BF/smd

\* Board Certified - Consumer Bankruptcy Law - American Board of Certification

**Supreme Court of Pennsylvania**
**Court of Common Pleas**
**Civil Cover Sheet**
_____Lackawanna_____ County

*For Prothonotary Use Only:*
Docket No: 18 cv 3708

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
☒ Complaint  ☐ Writ of Summons  ☐ Petition
☐ Transfer from Another Jurisdiction  ☐ Declaration of Taking

| Lead Plaintiff's Name: Anthony Deriso | Lead Defendant's Name: Synchrony Bank et al |
|---|---|

Are money damages requested? ☒ Yes ☐ No
Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

Is this a *Class Action Suit?* ☐ Yes ☒ No
Is this an *MDJ Appeal?* ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: __Brett Freeman__
☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE.* If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other:

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☐ Other:

**PROFESSIONAL LIABILITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
☐ Other:

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
☐ Zoning Board
☐ Other:

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☒ Other:
Telephone Consumer Protection Act

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

Rule 205.5. Cover Sheet

(a)(1) This rule shall apply to all actions governed by the rules of civil procedure except the following:

    (i) actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

    (ii) actions for support, Rules 1910.1 et seq.

    (iii) actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

    (iv) actions for divorce or annulment of marriage, Rules 1920.1 et seq.

    (v) actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

    (vi) voluntary mediation in custody actions, Rules 1940.1 et seq.

(2) At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b) The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c) The prothonotary shall assist a party appearing pro se in the completion of the form.

(d) A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e) The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet. The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

| | |
|---|---|
| Anthony Deriso<br>345 Edella Road<br>Clarks Summit, PA 18411,<br>　　　　　　　　Plaintiff<br>　v.<br><br>Synchrony Bank<br>170 West Election Road, Suite 125<br>Draper, UT 84020,<br><br>Allied Interstate, LLC<br>200 Central Avenue, 7th Floor<br>St. Petersburg, FL 33701,<br><br>Global Receivables Solutions, Inc.<br>7171 Mercy Road, Suite 250<br>Omaha, NE 68106<br>　　　　　　　　Defendants | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

NORTHEASTERN PENNSYLVANIA LEGAL SERVICES, INC.<br>
33 NORTH MAIN STREET, SUITE 200<br>
PITTSTON, PA 18640<br>
TELEPHONE (570) 299 4100<br>
(570) 342-0184

| | |
|---|---|
| Anthony Deriso,<br>　　　　　Plaintiff<br><br>v.<br><br>Synchrony Bank,<br>Allied Interstate, LLC, and<br>Global Receivables Solutions, Inc.<br><br>　　　　　Defendants | IN THE LACKAWANNA COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No.<br><br>Jury Trial Demanded |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Defendants made an excessive number of calls to Plaintiff on a number assigned to a cellular telephone service using equipment regulated by the Act.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 47 U.S.C. § 227(b)(3), which permits an action for a violation of the Act to be brought in an appropriate state court.

3. This Court has federal question jurisdiction over the FDCPA claim pursuant to 15 U.S.C. § 1692k(d), which permits an action under the FDCPA to be brought in any court of competent jurisdiction.

4. Venue in this Court is proper in that Plaintiff resides here, the conduct complained of occurred here, and Defendant transacts business here.

### III. PARTIES

5. Plaintiff is a natural person residing at 345 Edella Road, Clarks Summit, PA 18411.

6. Defendant, Synchrony Bank ("Synchrony"), is a bank with a place of business located at 170 West Election Road, Suite 125, Draper, UT 84020. At all relevant times, Defendant placed calls to individuals in this state.

7. Defendant, Allied Interstate, LLC ("Allied"), is a limited liability corporation with a place of business located at 200 Central Avenue, 7th Floor, St. Petersburg, FL 33701. At all relevant times, Defendant placed calls to individuals in this state.

8. Defendant, Global Receivables Solutions, Inc. ("Global"), is a corporation with a place of business located at 7171 Mercy Road, Suite 250, Omaha, NE 68106. At all relevant times, Defendant placed calls to individuals in this state.

## IV. STATEMENT OF CLAIM

9. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Synchrony is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

11. Allied is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12. Global is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39) and a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13. Plaintiff has a cellular telephone number that he has had at all relevant times. Plaintiff has only used this number as a cellular telephone number, and does not believe that it was ever ported from a wireline service.

14. At all relevant times this phone number has been assigned to a cellular telephone service.

2

### *Count 1- Violation of the TCPA*

15. The foregoing paragraphs are incorporated herein by reference.

16. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion."

17. Defendants caused to be made an unknown number of calls to Plaintiff's cell phone number.

18. Synchrony placed, or caused to be placed, hundreds of calls to Plaintiff's cell phone number.

19. At all times, Allied was acting as an agent for Synchrony.

20. At all times, Global was acting as an agent for Synchrony.

21. Synchrony is vicariously liable for every call that Allied placed to Plaintiff on Synchrony's behalf. The calls made to Plaintiff's cell phone were made using either an artificial or prerecorded voice.

22. Synchrony is vicariously liable for every call that Global placed to Plaintiff on Synchrony's behalf. The calls made to Plaintiff's cell phone were made using either an artificial or prerecorded voice.

23. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

24. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone and Plaintiff's cellular telephone line.

25. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

26. The calls made to Plaintiff's cell phone were made using either an artificial or prerecorded voice.

27. The calls made to Plaintiff's cell phone were made using an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1). The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

28. These telephone calls were not made for "emergency purposes," as defined in 47 C.F.R. § 64.1200.

29. These telephone calls were not made with the Plaintiff's prior express consent.

30. These telephone calls were placed while Plaintiff was in the United States.

31. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every call Defendants caused to be made to Plaintiff's cellular telephone number.

32. Plaintiff is also entitled to increased damages, as these calls were made willfully and/or knowingly. The factual allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

33. For each violation that was made willfully and/or knowingly, the Court may, in its discretion, increase the amount of the award to an amount equal to, but not more than, $1,500.00 per call.

WHEREFORE, Plaintiff demands judgment against Defendants for statutory damages between $500.00 and $1,500.00 per call, costs, equitable relief, and such other and further relief as the Court deems just and proper.

4

### *Count 2 – Violation of the FDCPA against Allied Interstate, LLC*

34. The foregoing paragraphs are incorporated herein by reference.

35. When Defendant called Plaintiff's cell phone, it was attempting to collect an alleged debt.

36. This debt was incurred for personal, family, or household purposes and is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

37. During a 152 day-period, Allied placed at least 975 telephone calls to Plaintiff's cell phone—which amounts to over 6 calls per day.

38. The frequency in which Allied contacted Plaintiff is indicative of an intent to annoy, abuse, or harass.

39. Allied violated the FDCPA, 15 U.S.C. § 1692d(5), by causing Plaintiff's phone to ring repeatedly with the intent to annoy, abuse, or harass the Plaintiff.

WHEREFORE, Plaintiff demands judgment against Allied for damages, costs, attorney's fees, and such other and further relief as the court deems just and proper.

### V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

_____
Brett Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

## CERTIFICATION OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

*[signature]*

Brett Freeman
Bar Number: PA 308834
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

6

## Verification of Complaint and Certification
## by Plaintiff Anthony Deriso

Plaintiff, Anthony Deriso, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2018.

_____
Anthony Deriso, Plaintiff